1   Yaw-Jiun (Gene) Wu (# 228240)
      gwu@afrct.com
2   David M. Newman (# 246351)
      dnewman@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant WELLS FARGO
    BANK, N.A., successor by merger with
    Wells Fargo Bank Southwest, N.A., f/k/a
8   Wachovia Mortgage, FSB, f/k/a World
    Savings Bank, FSB ("Wells Fargo")
9

10                      UNITED STATES DISTRICT COURT

11                      EASTERN DISTRICT OF CALIFORNIA

12

13  RONALD W. JACKSON and DONNA L.          CASE NO.: 2:14−CV−02997−WBS−CMK
    JACKSON,
14                                          Assigned to Hon. William B. Shubb
                   Plaintiffs,
15                                          **WELLS FARGO'S NOTICE OF MOTION
          v.                                AND MOTION TO DISMISS
16                                          COMPLAINT; MEMORANDUM OF
    WELLS FARGO BANK, N.A.; REGIONAL        POINTS AND AUTHORITIES**
17  SERVICE CORP; RTS PACIFIC INC.; and
    DOES 1 through 50, inclusive,           *[Filed with Request for Judicial Notice]*
18
                   Defendants.              Date:      March 9, 2015
19                                          Time:      2:00 p.m.
                                            Ctrm:      5, 14th Floor
20

21

22  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

23          PLEASE TAKE NOTICE that on March 9, 2015, at 2:00 p.m., or as soon thereafter as

24  the matter may be heard, in Courtroom 5, 14th Floor of the above-entitled Court, located at 501 I

25  Street, Sacramento, CA 95814, defendant Wells Fargo Bank, N.A., successor by merger with

26  Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank,

27  FSB ("Wells Fargo") will move the Court for an order dismissing with prejudice the Complaint

28  and all eight claims asserted therein pursuant to Federal Rule of Civil Procedure 12(b)(6).

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1  Grounds for the motion are:

2      First Claim: Violation of Homeowners Bill Of Rights

3      This claim fails as a matter of law because: (1) the Notice of Default contains a

4  "Declaration of Compliance" that illustrates that Wells Fargo satisfied Civil Code § 2923.55

5  contact requirements through the exercise of due diligence; (2) Plaintiffs cannot maintain this

6  claim because they fail to plead that the alleged statutory violation of Civil Code § 2923.55 was

7  "material" and caused "actual economic harm"; (3) the claim is based on contradictory

8  allegations that reveal Plaintiffs' misunderstanding of the events giving rise to the supposed

9  denial of their loan modification application; (4) Wells Fargo is not bound by Civil Code §

10  2923.6 in light of Plaintiffs' default on a prior modification; (5) even if Plaintiffs had not

11  defaulted on a prior modification, they still would not be entitled to the requested relief because

12  they have not complied with the requirements of the statute regarding loan modifications by

13  alleging a material change in their financial circumstances; (6) Plaintiffs do not allege that they

14  ever specifically requested a single point of contact from Wells Fargo; and (7) even if Plaintiffs

15  did allege a specific request for a single point of contact, they fail to establish that the alleged

16  violation was "material."

17      Second Claim: Statutory Unfair Competition

18      This claim fails as a matter of law because: (1) it is derivative of the allegations

19  underlying the other defective claims; and (2) the claims fail for lack of a remedy and therefore

20  Plaintiffs have no standing.

21      Third Claim: Common Law Unfair Competition

22      This claim fails as a matter of law because: (1) it is derivative of the allegations

23  underlying the other defective claims; and (2) the claims fail for lack of a remedy and therefore

24  Plaintiffs have no standing.

25      Fourth Claim: Breach Of Covenant Of Good Faith And Fair Dealing

26      This claim fails as a matter of law because nowhere in the parties' written agreements is

27  there a provision that Wells Fargo will provide a loan modification to Plaintiffs in the event of

28  their financial hardship.

Anglin Flewelling Rasmussen Campbell & Trytten llp

1    <u>Fifth Claim: Negligence</u>

2         This claim fails as a matter of law because Wells Fargo did not owe a legal duty of care

3    to Plaintiffs in connection with loan servicing or modification.

4         <u>Sixth Claim: Negligent Infliction Of Emotional Distress</u>

5         This claim fails as a matter of law because: (1) Wells Fargo did not owe a legal duty of

6    care to Plaintiffs in connection with loan servicing or modification; and (2) there was no

7    threatened physical injury and not simply damage to property or financial interests.

8         <u>Seventh Claim: Declaratory Relief</u>

9         This claim fails as a matter of law because: (1) there is no actual controversy involving

10   the parties' rights; and (2) the alleged controversy is not actionable as it is already at issue in the

11   other claims of the Complaint.

12        <u>Eighth Claim: Injunctive Relief</u>

13        This claim fails as a matter of law because injunctive relief is a remedy, not a claim, and

14   a claim must exist before injunctive relief may be granted.

15        This Motion is based on this Notice, the Memorandum of Points and Authorities filed

16   herewith, the Request for Judicial Notice, the records and pleadings on file herein, and on such

17   other evidence as may be presented.

18                                           Respectfully submitted,

19   Dated:  December 6, 2015               ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
20
21                                          By:    /s/ David M. Newman
                                                David M. Newman
22                                              dnewman@afrct.com
                                            Attorneys for WELLS FARGO

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**TABLE OF CONTENTS**

2

Page

3

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

4

1.    INTRODUCTION. ................................................................................................. 1

5

2.    SUMMARY OF FACTS AND ALLEGATIONS. .................................................. 1

6

3.    LEGAL STANDARD. ............................................................................................ 3

7

4.    PLAINTIFFS HAVE NO VIABLE CLAIM FOR VIOLATION OF THE HBOR. ... 3

8

      A.    Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.55. ........... 4

9

      B.    Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.6. ............. 6

10

      C.    Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.7. ............. 8

11
12

5.    THE TWO CLAIMS FOR UNFAIR COMPETITION ARE MERITLESS
      BECAUSE THEY RELY EXCLUSIVELY ON THE ALLEGATIONS
      SUPPORTING THE OTHER DEFECTIVE CLAIMS. ............................................... 9

13

6.    PLAINTIFFS CANNOT MAINTAIN A CLAIM BASED ON THE IMPLIED
      COVENANT OF GOOD FAITH AND FAIR DEALING. ..................................... 10

14
15

7.    THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW BECAUSE
      WELLS FARGO DID NOT OWE A LEGAL DUTY OF CARE TO
      PLAINTIFFS IN CONNECTION WITH LOAN SERVICING OR

16

      MODIFICATION. ................................................................................................... 11

17

8.    PLAINTIFFS CANNOT MAINTAIN A CLAIM FOR NEGLIGENT
      INFLICTION OF EMOTIONAL DISTRESS. ........................................................ 14

18
19

9.    THERE IS NO BASIS FOR PLAINTIFFS TO OBTAIN DECLARATORY
      RELIEF. .................................................................................................................. 14

20

10.   THE INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED WITH
      PREJUDICE. .......................................................................................................... 15

21
22

11.   CONCLUSION. ..................................................................................................... 16

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Am. States Ins. Co. v. Kearns,*
   15 F.3d 142 (9th Cir. 1993) .........................................................................14

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ..................................................................................3

*Associated Gen. Contractors of Am. v. Metro. Water Dist.,*
   159 F.3d 1178 (9th Cir. 1998) ......................................................................3

*Becker v. Wells Fargo Bank, N.A.,*
   2013 WL 268935 (N.D. Cal. Jan. 23, 2013) ...............................................14

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ......................................................................................3

*Caldwell v. Wells Fargo Bank, N.A.,*
   2013 U.S. Dist. LEXIS 100107 (N.D. Cal. July 16, 2013) ...........................8

*Casault v. Federal Nat. Mortg. Ass'n,*
   915 F.Supp.2d 1113 (C.D. Cal. 2012) ........................................................12

*Colom v. Wells Fargo Home Mortg.,* Inc.,
   2014 U.S. Dist. LEXIS 91175, at *3 (N.D. Cal. July 3, 2014) ...................12

*Commercial Union Ins. Co. v. Walbrook Ins. Co.,*
   41 F.3d 764 (1st Cir. 1994) .........................................................................14

*Cordero v. U.S. Bank, N.A.,*
   2014 U.S. Dist. LEXIS 131127 (S.D. Cal. Sept. 17, 2014) ..........................8

*Cross v. Downey Savings and Loan Association,*
   2009 U.S. Dist. LEXIS 17946 (C.D. Cal. 2009) .........................................11

*Das v. WMC Mortg. Corp.,*
   831 F. Supp. 2d 1147 (N.D. Cal. 2011) ......................................................12

*Deschaine v. IndyMac Mortg. Servs.,*
   2014 U.S. Dist. LEXIS 8541 (E.D. Cal. Jan. 22, 2014) .............................12

*Diaz v. Wells Fargo Bank, N.A.,*
   2013 U.S. Dist. LEXIS 168332 (N.D. Cal. Nov. 25, 2013) .....................4, 5

*Durning v. First Boston Corp.,*
   815 F.2d 1265 (9th Cir. 1987) ......................................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Fortaleza v. PNC Fin. Servs. Group, Inc.*,
  642 F. Supp. 2d 1012 (N.D. Cal. 2009) ...................................................................10

*Heflebower v. JPMorgan Chase Bank, NA*,
  2014 U.S. Dist. LEXIS 29777 (E.D. Cal. Mar. 3, 2014) .......................................5, 6

*Hoffman v. Bank of America, N.A.*,
  2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .......................................11

*Juarez v. Wells Fargo Bank, N.A.*,
  2009 U.S. Dist. LEXIS 110892 (C.D. Cal Nov. 11, 2009).........................................5

*Kamp v. Aurora Loan Servs.*,
  2009 U.S. Dist. LEXIS 95245, at *2 (C.D. Cal. Oct. 1, 2009) ...............................5

*Lueras. Benson v. Ocwen Loan Servicing, LLC*,
  562 Fed. Appx. 567 (9th Cir. 2014)........................................................................13

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 41797 (N.D. Cal. Mar. 25, 2013).........................................7

*National Union Fire Ins. Co. v. Karp*,
  108 F.3d 17 (2d Cir. 1997).......................................................................................14

*Pazargad v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011).......................................15

*Rockridge Trust v. Wells Fargo, N.A.*,
  985 F. Supp. 2d 1110 (N.D. Cal. Sept. 25, 2013) ....................................................6

*Rockridge Trust v. Wells Fargo NA*,
  2014 U.S. Dist. LEXIS 22234 (N.D. Cal. Feb. 19, 2014) .........................................8

*Santos v. Countrywide Home Loans*,
  2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009).......................................15

*Stowers v. Wells Fargo Bank, N.A.*,
  2014 U.S. Dist. LEXIS 41712 (N.D. Cal. Mar. 25, 2014).........................................4

*Tina v. Countrywide Home Loans, Inc.*,
  2008 Dist. LEXIS 88302 (S.D. Cal. Oct. 30, 2008) ...............................................15

*United States v. Washington*,
  759 F.2d 1353 (9th Cir. 1985) ................................................................................15

*Wickland Oil Terminals v. Asarco, Inc.*,
  792 F.2d 887 (9th Cir. 1986) ..................................................................................14

*Winterbower v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 44087 (C.D. Cal. Mar. 27, 2013) .......................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**STATE CASES**

*Branch v. Homefed Bank,*
    6 Cal. App. 4th 793 (1992) ..................................................................................14

*Brown v. Rea,*
    150 Cal. 171 (1907) ...........................................................................................16

*Butler-Rupp v. Lourdeaux,*
    134 Cal. App. 4th 1220 (2005) ..........................................................................14

*Erlich v. Menezes,*
    21 Cal. 4th 543 (1999) .......................................................................................14

*Fontenot v. Wells Fargo Bank, N.A.,*
    198 Cal. App. 4th 256 (2011) ............................................................................12

*Guz v. Bechtel Nat. Inc.,*
    24 Cal. 4th 317 (2000) .......................................................................................11

*Hellbaum v. Lytton S&L,*
    274 Cal. App. 2d 456, 460 (1969) .....................................................................13

*Ingels v. Westwood One Broad Servs., Inc.,*
    129 Cal. App. 4th 1050 (2005) ............................................................................9

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) .................................................................................9, 10

*LiMandri v. Judkins,*
    52 Cal. App. 4th 326 (1997) ..............................................................................12

*Lueras v. BAC Home Loans Servicing, LP,*
    221 Cal. App. 4th 49 (2013) .........................................................................12, 13

*Mabry v. Superior Court,*
    185 Cal. App. 4th 208 ........................................................................................11

*Madrid v. Perot Systems Corp.,*
    130 Cal. App. 4th 440 (2005) ............................................................................10

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
    231 Cal. App. 3d 1089 (1991) ................................................................11, 12, 13

*Pasadena Live, LLC v. City of Pasadena,*
    114 Cal. App. 4th 1089 (2004) ..........................................................................10

*Perlas v. GMAC Mortg., LLC,*
    187 Cal. App. 4th 429 (2010) ............................................................................12

*Ragland v. U.S. Bank Nat. Assn.*,
   209 Cal. App. 4th 182 (2012) ..........................................................................13

*Shell Oil Co. v. Richter*,
   52 Cal. App. 2d 164 (1942) ............................................................................15

*Software Design and Application Ltd. v. Hoeffer & Arnolt, Inc.*,
   49 Cal. App. 4th 472 (1996) ...........................................................................12

*Wagner v. Benson*,
   101 Cal. App. 3d 27 (1980) .............................................................................13

*Wolf v. Walt Disney Pictures and Television*,
   162 Cal. App. 4th 1107 (2008) ........................................................................11

**FEDERAL STATUTES**

28 U.S.C. § 2201 .................................................................................................14

28 U.S.C. §§ 2201, 2202 .....................................................................................14

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...........................................................................9

Cal. Civ. Code § 2923.5 ..............................................................................4, 5, 11

Cal. Civ. Code § 2923.6 ..............................................................................6, 7, 8

Cal. Civ. Code § 2923.6(c) ...................................................................................7

Cal. Civ. Code § 2923.6(c)(3) ..............................................................................6

Cal. Civ. Code § 2923.6(g) ..................................................................................7

Cal. Civ. Code § 2923.7 ...................................................................................8, 9

Cal. Civ. Code § 2923.7(a) ..................................................................................8

Cal. Civ. Code § 2923.55 .....................................................................................4

Cal. Civ. Code §§ 2923.55, 2923.6, and 2923.7 ..................................................3

Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 ..............8

Cal. Civ. Code § 2923.55(b)(1)(B) .......................................................................4

Cal. Civ. Code § 2924.12(a) .................................................................................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONSTITUTIONAL PROVISIONS**

Article III of the United States Constitution ...............................................................14

**OTHER AUTHORITIES**

5 Witkin, *California Procedure*, Pleading, §§ 823, 825 (5th ed. 2008) ....................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: 2:14-CV-02997-WBS-CMK
TABLE OF AUTHORITIES

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **1.   <u>INTRODUCTION.</u>**

3        The Court should grant this motion and dismiss the lawsuit filed by plaintiffs Ronald and

4   Donna Jackson ("Plaintiffs").  Plaintiffs filed this action as part of a multi-faceted effort to try to

5   prevent the non-judicial foreclosure sale of real property.  Just a few days after filing this lawsuit

6   in state court, they filed for bankruptcy in the Southern District of California on November 17 –

7   the day of the scheduled foreclosure sale – in order to invoke the automatic stay to prevent the

8   sale from proceeding.  Not surprisingly, Plaintiffs did not submit any required document to

9   proceed with that bankruptcy, so the court dismissed it on December 3, 2014.

10       The allegations underlying the lawsuit are that defendant Wells Fargo Bank, N.A.

11  ("Wells Fargo") failed to properly consider, review, and handle Plaintiffs' loan modification

12  applications in 2013 and 2014.  What Plaintiffs notably fail to inform the Court is that they had

13  already received a generous loan modification from Wells Fargo but subsequently defaulted on it

14  in December 2012.  Plaintiff now complain that the foreclosure process is somehow the fault of

15  Wells Fargo despite their years-long default, and demand a second modification.

16       None of the eight claims for relief have any merit.  The cursory allegations are

17  insufficient to state any valid basis for relief under either state or federal law.  Dismissal with

18  prejudice is appropriate.

19  **2.   <u>SUMMARY OF FACTS AND ALLEGATIONS.</u>**

20       On or about June 29, 2007, Plaintiffs borrowed $266,400.00 from Wells Fargo's

21  predecessor (World Savings Bank, FSB), pursuant to a written promissory note.[1]  (Compl. ¶ 10;

22  RJN Exh. B.)  A deed of trust ("DOT") on real property located at 13494 Auroa Court in

23  Magalia, California secured the note.  (Compl. ¶ 10; RJN Exh. C.)

24

---

25  [1] World Savings changed its name to Wachovia Mortgage, FSB in January, 2008.  It underwent a
26  second name change to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo
    Bank, N.A. in November, 2009.  (Request for Judicial Notice ["RJN"] Exh. A contains copies of
27  certificates issued by the Treasury Department's Office of Thrift Supervision and Comptroller of
    the Currency acknowledging the original federal savings bank charter, approving the name
28  changes, and authorizing the merger, and an FDIC printout providing the history of World
    Savings.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiffs allege that after the loan funded in 2007, they "began experiencing financial

2 hardship as a result of the recession and fell behind on their loan repayments." (Compl. ¶ 12.)

3 As a result, they "immediately began contacting Wells Fargo to explore any and all available

4 options to get caught up with her [sic] mortgage payments, specifically seeking a loan

5 modification." (*Id*.) Remarkably, Plaintiffs fail to inform the Court that <u>they did receive</u> loan

6 modification in April 2009 that significantly lowered the principal balance on the loan and

7 reduced their monthly loan payment. (RJN Exh. D.)

8    Despite receiving a loan modification, Plaintiffs again defaulted on the loan, causing the

9 trustee under the DOT to record a Notice of Default ("NOD") in June 2014. (Compl. ¶ 13, RJN

10 Exh. E.) The NOD indicated that Plaintiffs defaulted when the missed the payment due in

11 January 2013 and were $23,456.27 in arrears as of June 9, 2014. (*Id*.) The NOD contained a

12 "Declaration Of Compliance" indicating that Wells Fargo had "exercised due diligence" in

13 attempting to contact Plaintiffs in order to explore alternatives to foreclosure. (*Id*.)

14    Plaintiffs claim that they continued to try to obtain a loan modification during this period

15 of time, but that they received minimal assistance from Wells Fargo and were unable to secure a

16 modification. (Compl. ¶¶ 14-16.)

17    After the NOD, Plaintiffs did not cure their default, so the trustee recorded a Notice of

18 Trustee's Sale ("NOTS") on October 23, 2014. (Compl. ¶ 18; RJN Exh. F.) The NOTS

19 indicated that the total amount owed by Plaintiffs was $244,522.76. (*Id*.) The sale was set for

20 November 17, 2014. (*Id*.)

21    Plaintiffs filed this action in state court on November 13, 2014. Then, on November 17,

22 2014 – the day of the scheduled foreclosure sale – Plaintiffs filed for Chapter 13 bankruptcy in

23 the Southern District of California, Case No. 14-09026-MM13. (RJN Exh. G.)[2] Plaintiffs did

24 not complete the required bankruptcy filings, so that court dismissed the proceedings on

25 December 3, 2014. (RJN Exh. H.)

26

27

28 ───────────────
[2] It is unclear why Plaintiffs, who live in Northern California, filed for bankruptcy in San Diego. The only plausible explanation is that Plaintiffs' counsel is located in San Diego.

### 3.   LEGAL STANDARD.

While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). As the Supreme Court explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009):

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'

Moreover, "if a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987) (internal citations omitted).

Here, as explained below, the allegations of the Complaint coupled with the exhibits are inadequate to state any valid claim.

### 4.   PLAINTIFFS HAVE NO VIABLE CLAIM FOR VIOLATION OF THE HBOR.

Plaintiffs allege three distinct statutory violations of HBOR: violation of Civil Code §§ 2923.55, 2923.6, and 2923.7. None of them are valid.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.**     <u>**Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.55.**</u>

Plaintiffs alleges that Wells Fargo violated § 2923.55(b)(1)(B) by failing to provide written notice prior to recording the NOD that Plaintiffs were eligible to receive information about their loan.  (Compl. ¶ 32.)  There are two key reasons why this allegation is invalid.

First, the claim fails because the NOD contains a "Declaration of Compliance" that illustrates that Wells Fargo satisfied § 2923.55 pre-NOD contact requirements through the exercise of due diligence.  (RJN Exh. E.)  This declaration of compliance directly controverts Plaintiffs' allegation that Wells Fargo did not comply with § 2923.55.  Many courts have concluded that the same type of declaration as was used by Wells Fargo in connection with the NOD defeats a claim under § 2923.55 (and its predecessor, § 2923.5).  One such recent case is *Stowers v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 41712, at *12 (N.D. Cal. Mar. 25, 2014), where the court held in dismissing a similar claim: "[Plainitff's] allegations are contradicted by the Notice of Default, which includes a Declaration of Compliance with § 2923.5.  The statute's notice requirement is presumed to be satisfied where there is a declaration of compliance."  Another recent case is *Diaz v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 168332 (N.D. Cal. Nov. 25, 2013), where the court noted in detail:

> With regard to section 2923.55(b)(2), Defendants explicitly attached a 'Declaration of Compliance' to the Notice of Default…  In other, analogous contexts, courts have held that a declaration attached to the Notice of Default is sufficient to satisfy Defendants' obligations under California laws that require lenders to contact borrowers.  For example, section 2923.5, which requires similar notices to borrowers from lenders, is satisfied by a declaration of compliance with applicable statutory obligations…  The Court finds that Plaintiff has not carried his burden of demonstrating why the Court should deviate from this precedent with respect to the section 2923.55(b)(2) claim.  The cases stating that a declaration is sufficient to meet defendants' notice burdens are particularly persuasive because those cases all involved grants of motions to dismiss in

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    favor of defendants, a context in which there is substantial deference to the

2    plaintiffs' allegations.

3  *Id*. at *10-12 (*citing Cabanilla v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270, at *12-13

4  (C.D. Cal. Mar. 20, 2012) ("This declaration is sufficient to establish that Wachovia has met its

5  obligations under § 2923.5"); *Kamp v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 95245, at *2

6  (C.D. Cal. Oct. 1, 2009) ("Moreover, the Kamps' claim fails because their conclusory assertions

7  are contradicted by the notice of default attached as Exhibit A, which includes the declaration

8  required by § 2923.5"); *Juarez v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 110892, at *2

9  (C.D. Cal Nov. 11, 2009) (dismissing § 2923.5 claim with prejudice where declaration was

10  included with the notice of default stating compliance with code section).)  Thus, Plaintiffs'

11  allegations are meritless.

12    Second, Plaintiffs cannot maintain this claim because they fail to plead that the alleged

13  statutory violation was "material" and caused "actual economic harm."  Several courts, including

14  those from this District, have dismissed lawsuits from borrowers based on alleged procedural

15  violations related to the foreclosure process where the alleged violations under HBOR were not

16  material and did not cause monetary damages.  Just recently, the court in *Heflebower v.*

17  *JPMorgan Chase Bank, NA*, 2014 U.S. Dist. LEXIS 29777 (E.D. Cal. Mar. 3, 2014; Hon. Ishii)

18  granted a motion to dismiss based on similar allegations:

19    This cause of action is similar to Plaintiff's cause of action for wrongful

20    foreclosure … in that it alleges procedural violations related to the

21    foreclosure process.  The California Homeowners Bill of Rights creates a

22    private right of action wherein the liable party, a mortgage servicer,

23    mortgagee, trustee, beneficiary, or authorized agent, shall be liable to a

24    borrower for actual economic damages pursuant to Section 3281, resulting

25    from a material violation of Section 2923.55 [...]. To state a claim,

26    Plaintiff must plead '(1) a material violation of one of the enumerated

27    code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary,

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      or authorized agent; (3) that causes actual economic damages.' This cause

2      of action fails for want of the first and third prongs.

3   *Id*. at \*34-35 (*citing Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110 (N.D. Cal. Sept.

4   25, 2013).

5      Just like the plaintiffs in *Heflebower* and *Rockridge*, Plaintiffs make no such allegations

6   in paragraphs 32 and 33 of the Complaint.  Plaintiffs defaulted nearly 18 months before the NOD

7   was recorded; the alleged violation did not cause their default or initiate the foreclosure process.

8   As such, dismissal is warranted.

9   **B.     Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.6.**

10      Plaintiffs allege that Wells Fargo violated § 2923.6 by failing to properly notify them of

11   the denial of the loan modification application and the reasons for the denial.  (Compl. ¶¶ 27-31.)

12   This claim is invalid for three reasons.

13      First, the claim is based on contradictory allegations that reveal Plaintiffs'

14   misunderstanding of the events giving rise to the supposed denial.  Plaintiffs allege that Wells

15   Fargo did not "formally" deny their loan application and "failed in their obligation to provide the

16   reason why."  (Compl. ¶ 31.)  Yet as Plaintiffs readily concede, § 2923.6 only applies "if a loan

17   modification application is denied."  (Compl. ¶ 30.)  Plaintiffs make no such allegation of an

18   'actual denial' – all that occurred was that Wells Fargo informed Plaintiffs that "documents were

19   in fact missing" and that "even more documents were required."  (Compl. ¶¶ 29, 16.)  Although

20   "no modification was approved," no formal denial was ever issued.  (Compl. ¶ 16.)  The only

21   reasonable inference is that there has been neither an approval nor a denial because of the

22   missing documents.  Since there was no formal denial, the requirements of § 2923.6 do not come

23   into play under these circumstances.

24      Second, Wells Fargo is not bound by § 2923.6 in light of Plaintiffs' default on a prior

25   modification.  Pursuant to § 2923.6, if borrowers receive a loan modification and then default on

26   that loan modification, lenders may proceed with foreclosure.  Civ. Code § 2923.6(c)(3)

27   (foreclosure process may proceed if "borrower accepts a written first lien loan modification, but

28   defaults on, or otherwise breaches the borrower's obligations under, the first lien loan

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    modification").  In this case, Plaintiffs are not eligible for another loan modification review

2    because they have already accepted, but defaulted on, a prior modification.  (RJN Exhs. D & E.)

3    Therefore, Wells Fargo was not, and is not, required to halt the foreclosure process and re-review

4    them for a subsequent loan modification under § 2923.6.

5        Third, even if Plaintiffs had not defaulted on a prior modification, they still would not be

6    entitled to the requested relief because they have not complied with the requirements of the

7    statute regarding loan modifications.  The relevant portion of § 2923.6 provides that a servicer is

8    not required to re-review for a loan modification "unless there has been a material change in the

9    borrower's financial circumstances since the date of the borrower's previous application and that

10   change is documented by the borrower and submitted to the mortgage servicer."  Civ. Code §

11   2923.6(g).  It states in full:

12           In order to minimize the risk of borrowers submitting multiple

13           applications for first lien loan modifications for the purpose of delay, the

14           mortgage servicer shall not be obligated to evaluate applications from

15           borrowers who have already been evaluated or afforded a fair opportunity

16           to be evaluated for a first lien loan modification prior to January 1, 2013,

17           or who have been evaluated or afforded a fair opportunity to be evaluated

18           consistent with the requirements of this section, unless there has been a

19           material change in the borrower's financial circumstances since the date of

20           the borrower's previous application and that change is documented by the

21           borrower and submitted to the mortgage servicer.

22       Section 2923.6(g) places an affirmative duty on borrowers to "demonstrate[] that there

23   was a material change in his financial circumstances…"  *Michael J. Weber Living Trust v. Wells*

24   *Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 41797, at *12 (N.D. Cal. Mar. 25, 2013).  It carves out

25   an exception to § 2923.6(c) because, in the absence of this "material change" requirement,

26   borrowers could "easily sidestep the entire purpose of subsection (g), which is meant to relieve

27   mortgage servicers from evaluating multiple loan modification applications submitted for the

28   purpose of delay."  *Winterbower v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 44087, at *9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

(C.D. Cal. Mar. 27, 2013); *Cordero v. U.S. Bank, N.A.*, 2014 U.S. Dist. LEXIS 131127, at *15 (S.D. Cal. Sept. 17, 2014) (Civil Code § 2923.6 requires that a "change in income [is] documented and submitted to the mortgage servicer").  The determination of what is a "material change" rests with the servicer, not the borrower.  *Caldwell v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 100107, at *18 (N.D. Cal. July 16, 2013) ("even if Plaintiff had a 70 percent increase in income, Wells Fargo could have determined that this change was not sufficiently material to warrant granting Plaintiff a second loan modification").

In this case, Plaintiffs allege that they submitted an application for modification after their default in 2013.  However, nowhere is there any allegation that they have had a material change in their financial circumstances since the prior application.  As such, Wells Fargo was not even required to review the recent application.

For all these reasons, the § 2923.6 sub-claim fails.

**C.**      **Plaintiffs Cannot Demonstrate A Violation Of Civil Code § 2923.7.**

Plaintiffs contend that Wells Fargo failed to comply with Civil Code § 2923.7 by not providing a 'single point of contact' ("SPOC") during the loan modification process.  (Compl. ¶¶ 26-27.)  Civil Code § 2923.7(a) provides that "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact…"  Moreover, in order to obtain injunctive relief based on a violation of § 2923.7, a party must demonstrate that the violation was "material."  Civ. Code § 2924.12(a).  "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."  Courts have interpreted this materiality requirement to mean that the failure to assign a SPOC caused actual economic damages to the borrower.  "In order to properly allege a claim under section 2923.7, a plaintiff must allege that a violation of the provision was the cause of actual economic damages…  Plaintiffs have failed to adequately allege that any damages they incurred were caused by Defendants' alleged failure to comply with the single point of contact requirements."  *Rockridge Trust v. Wells Fargo NA*, 2014 U.S. Dist. LEXIS 22234, at *78-79 (N.D. Cal. Feb. 19, 2014) (dismissing § 2923.7 claim).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Here, the claim fails because Plaintiffs do not allege that they ever specifically requested

2  a SPOC from Wells Fargo.  The statute makes clear that a SPOC must be requested.  In the

3  absence of a specific request, Wells Fargo did not have to provide a SPOC.  Thus, there is no

4  violation of § 2923.7.

5  Moreover, even if Plaintiffs did allege a specific request for a SPOC, they fail to establish

6  that the alleged violation was "material."  Nothing in the Complaint demonstrates that Wells

7  Fargo's alleged failure to appoint a SPOC caused any economic damages to Plaintiffs or caused

8  Wells Fargo to deny Plaintiffs' request for a loan modification.  Plaintiffs defaulted because they

9  stopped making loan payments and concede that they had numerous communications with Wells

10 Fargo personnel during the loan modification process even without a SPOC.  (*See, e.g.,* Compl.

11 ¶¶ 14-16, 29.)  The mere failure to formally appoint a SPOC did not prevent Plaintiffs from

12 doing exactly what they wanted – communicating with Wells Fargo about loan modification.

13 Thus, even if the supposed violation of § 2923.7 occurred, it did not cause Plaintiffs any

14 economic harm, and therefore was not "material."  As a result, this claim should be dismissed.

15 **5.   THE TWO CLAIMS FOR UNFAIR COMPETITION ARE MERITLESS BECAUSE**

16 **THEY RELY EXCLUSIVELY ON THE ALLEGATIONS SUPPORTING THE**

17 **OTHER DEFECTIVE CLAIMS.**

18 These claims are derivative of the allegations underlying the other claims.  Plaintiffs

19 attempt to convert the other claims into claims for unlawful business practices.  (*See, e.g.,*

20 Compl. ¶¶ 36, 45.)  TAC ¶ 195-209.)

21 A claim under Business & Professions Code § 17200 ("UCL") requires an allegation of

22 particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the

23 defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003).  Where a

24 plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim

25 either.  *Ingels v. Westwood One Broad Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A

26 defendant cannot be liable under § 17200 for committing unlawful business practices without

27 having violated another law.")  As demonstrated herein, the underlying claims supporting the

28 UCL claim have no merit.  Accordingly, the UCL cannot survive.

1    In addition, the claims fail for lack of a remedy.  Under the UCL, "prevailing plaintiffs

2    are generally limited to injunctive relief and restitution." *Korea Supply, supra,* 29 Cal.4th at

3    1144.  "This court has never approved of nonrestitutionary disgorgement of profits as a remedy

4    under the UCL." *Id*. at 1148.  An order for restitution in the UCL is one "compelling a UCL

5    defendant to return money obtained through an unfair business practice to those persons in

6    interest from whom the property was taken." *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th

7    440, 453 (2005).  Moreover, under the UCL, "injunctive relief is appropriate only when there is a

8    threat of continuing misconduct… [It] requires a threat that the misconduct to be enjoined is

9    likely to be repeated in the future " *Madrid*, *supra*, 130 Cal. App. 4th at 463.

10   Here, Plaintiffs have no standing because there is no indication that Wells Fargo obtained

11   money through an unfair business practice, and therefore there is no basis to award restitution.

12   Plaintiffs are in default on the loan and owe significantly-more than Wells Fargo lent them.   Not

13   only has Wells Fargo not obtained money through an unlawful, unfair, or fraudulent business

14   practice, it has received no money at all in the preceding years.  Moreover, Plaintiffs have no

15   basis for an award of injunctive relief.  Plaintiffs have not alleged that the alleged wrongful acts

16   in this litigation will be repeated in the future.  As such, there is no basis for injunctive relief.

17   Absent the only two potential remedies for Plaintiffs, dismissal is warranted.

18   **6.    PLAINTIFFS CANNOT MAINTAIN A CLAIM BASED ON THE IMPLIED**

19   **COVENANT OF GOOD FAITH AND FAIR DEALING.**

20   Plaintiffs allege in conclusory fashion that Wells Fargo breached the implied covenant of

21   good faith and fair dealing by "failing to abide by their own guidelines, as well as state

22   requirements, in offering or accepting Plaintiffs' alternatives to foreclosure."  (Compl. ¶ 49.)

23   To establish a breach of an implied covenant of good faith and fair dealing, "a plaintiff

24   must establish the existence of a contractual obligation, along with conduct that frustrates the

25   other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs.  Group, Inc.,* 642

26   F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009).  The "implied covenant of good faith and fair

27   dealing is limited to assuring compliance with the <u>express terms</u> of the contract, and cannot be

28   extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004) (emphasis added); *see also Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 349-50 (2000). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1120 (2008).

In this case, Plaintiffs' claim fails because nowhere in the written agreements is there an express provision that Wells Fargo will provide a loan modification to Plaintiffs in the event of their financial hardship.  (RJN Exhs. B-D.)  The terms of the parties' agreements defined their conduct and the loan documents do not require Wells Fargo to modify the terms of Plaintiffs' loan.  There is also no statute or code provision that requires Wells Fargo to modify the terms of the loan.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-223, 231 ("There is no right, for example, under [Civil Code Section 2923.5], to a loan modification"); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower"); *Cross v. Downey Savings and Loan Association*, 2009 U.S. Dist. LEXIS 17946, at *22-23 (C.D. Cal. 2009).  In fact, Plaintiffs do not even base this claim on any contractual terms but rather Wells Fargo's internal "guidelines" and "state requirements."  It is axiomatic that Wells Fargo cannot breach an implied covenant based on something that is not a contract between the parties.  For this reason, the claim fails as a matter of law.

**7.    THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW BECAUSE WELLS FARGO DID NOT OWE A LEGAL DUTY OF CARE TO PLAINTIFFS IN CONNECTION WITH LOAN SERVICING OR MODIFICATION.**

Plaintiffs allege that Wells Fargo "owed Plaintiffs a duty of care in offering loan assistance."  (Compl. ¶ 53.)  Contrary to Plaintiffs' conclusory allegations, Wells Fargo did not owe them a duty of care in connection with loan servicing and modification.

Actionable negligence requires: (1) a legal duty to use due care; (2) a breach of that duty; and (3) the breach as the proximate or legal cause of the resulting injury.  *Nymark v. Heart Fed.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991).  "The determination of whether a duty exists is primarily a question of law."  *Id*.  "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant."  *Software Design and Application Ltd. v. Hoeffer & Arnolt, Inc.*, 49 Cal. App. 4th 472, 481 (1996).  The inability to plead a duty of care "precludes his maintenance of a claim for relief on any negligence theory."  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997).

California law is clear: "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1167 (N.D. Cal. 2011) (denying negligence claim; lender must "actively participate in the financed enterprise" in order to owe a duty of care to the borrower).  Loan servicing and modification activity do not alter the traditional borrower-lender relationship in which lenders owe no duty of care.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67-68 (2013).  *Lueras* represents the approach taken by California state courts as to lender-borrower activities, including servicing, modification, and foreclosure.  *See, e.g., Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429 (2010); *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 269 (2011).  The *Lueras* court states: "We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.…  The *Biakanja* factors do not support imposition of a common law duty to offer or approve a loan modification…  [or] a duty of care to handle [a borrower's] loan in such a way to prevent foreclosure and forfeiture of his property."  *Id.* at 67-68.

Federal district courts apply the same reasoning as *Lueras*.  *See, e.g., Casault v. Federal Nat. Mortg. Ass'n,* 915 F.Supp.2d 1113, 1130-31 (C.D. Cal. 2012) ("modifying the terms of a loan is intimately tied to Defendant's lending role"); *Deschaine v. IndyMac Mortg. Servs.*, 2014 U.S. Dist. LEXIS 8541, at *18 (E.D. Cal. Jan. 22, 2014) ("As in *Lueras*, plaintiff has not alleged the existence of a duty of care that could support a negligence claim"); *Colom v. Wells Fargo Home Mortg.,* Inc., 2014 U.S. Dist. LEXIS 91175, at *3 (N.D. Cal. July 3, 2014) ("defendant does not owe plaintiff a duty of care in connection with its review of his application for a loan

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    modification"). The Ninth Circuit has also adopted the reasoning in *Lueras*. *Benson v. Ocwen*

2    *Loan Servicing, LLC*, 562 Fed. Appx. 567, 569-570 (9th Cir. 2014) ("neither Ocwen nor HSBC

3    owed Benson a common law duty of care").

4         Lenders also owe no duty of care to borrowers in processing loan documents or

5    approving loans. *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980); *Hellbaum v. Lytton S&L*,

6    274 Cal. App. 2d 456, 460 (1969) (no tort liability for negligence in processing loan application),

7    overruled on other grounds by *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 977 (1978). For

8    example, in *Ragland v. U.S. Bank Nat. Assn.*, 209 Cal. App. 4th 182, 207 (2012), a borrower

9    contended the lender misadvised her to miss a loan payment in order to be considered for a loan

10   modification. The borrower alleged the lender negligently caused her severe emotional distress

11   by then failing to modify her loan and selling her home in a foreclosure sale. *Id*. at 205. The

12   court concluded, "the undisputed facts established there was no relationship between [borrower]

13   and [lender] giving rise to a duty the breach of which would permit [borrower] to recover

14   emotional distress damages based on negligence." *Id*. at 208.

15        In this case, there is simply nothing to suggest that Wells Fargo did anything that

16   "exceed[ed] the scope of its conventional role as a mere lender of money" when considering

17   Plaintiffs for a loan modification. *Nymark*, 231 Cal. App. 3d at 1096. Plaintiffs: (1) obtained a

18   loan from Wells Fargo; (2) defaulted on the loan, which initiated the foreclosure process; and (3)

19   thereafter sought a loan modification. That was the extent of the parties' relationship. There is

20   no allegation indicating that the parties had more than a traditional lender-borrower relationship

21   concerning the loan modification process. Furthermore, there are no allegations suggesting that

22   the parties' relationship exceeded the normal lender-borrower relationship concerning Plaintiffs'

23   default. On the contrary, the allegations demonstrate that the parties were at an arms-length

24   relationship and Wells Fargo acted in its traditional role as money lender by trying to collect on a

25   debt that Plaintiffs owed. The allegations reinforce the traditional lender-borrower relationship

26   between the parties. As *Lueras* makes clear, there is no basis for alleging negligence under these

27   circumstances. The claim should be dismissed with prejudice.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

8.  **PLAINTIFFS CANNOT MAINTAIN A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**

Plaintiffs allege that Wells Fargo's attempt to pursue foreclosure "negligently inflicted emotional distress upon" Plaintiffs.  (Compl. ¶ 59.)  Aside from the fact that Wells Fargo owed no legal duty of care to Plaintiffs as explained above (which dooms any negligence-based claim), Plaintiffs cannot claim emotional distress damages in connection with Wells Fargo's alleged negligence because there was no "threatened physical injury and not simply damage to property or financial interests." *Erlich v. Menezes*, 21 Cal.4th 543, 555-556 (1999); *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226 (2005) (award of damages to commercial tenants in action against landlords was predicated solely on economic injury to tenants, precluding recovery of damages for negligent infliction of emotional distress in absence of physical injury to tenants); *Becker v. Wells Fargo Bank, N.A.*, 2013 WL 268935, at *6 (N.D. Cal. Jan. 23, 2013) ("The negligent and intentional infliction of emotional distress claims fail because plaintiff fails to allege physical injury and emotional distress damages cannot be awarded for solely financial loss) (citing *Branch v. Homefed Bank*, 6 Cal. App. 4th 793 (1992)).  Since there is no allegation of physical injury, this claim must be dismissed.

9.  **THERE IS NO BASIS FOR PLAINTIFFS TO OBTAIN DECLARATORY RELIEF.**

In support of the seventh claim, Plaintiffs merely repeat allegations that Wells Fargo violated various provisions of HBOR and failed to provide a loan modification.  (Compl. ¶ 65.)  This claim fails as a matter of law.

Federal courts may "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir. 1986).  The "actual controversy" requirement is the same as the "case or controversy" requirement of Article III of the United States Constitution.  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993).  Yet declaratory relief is a remedy, not an independent cause of action.  *See* 28 U.S.C. §§ 2201, 2202; *see also National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The DJA is procedural in nature, and merely offers an additional remedy to litigants"); *Commercial Union Ins. Co. v. Walbrook Ins. Co.,* 41 F.3d 764,

775 (1st Cir. 1994) ("A declaratory judgment is not a theory of recovery"); *Pazargad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at **6-7 (C.D. Cal. Aug. 23, 2011) ("Declaratory relief is not an independent claim, rather it is a form of relief … declaratory relief is 'entirely commensurate with the relief sought through [Plaintiffs'] other causes of action,' and a court may dismiss the claim for declaratory relief if the legal theory upon which it is predicated fails").  Further, a motion to dismiss is appropriately granted if the facts (as pled or judicially noticed) establish that a plaintiff has no right to the declaration sought.  *United States v. Washington*, 759 F.2d 1353, 1353 (9th Cir. 1985).  Indeed, "[a] federal court may decline to address a claim for declaratory relief '[w]here the substantive suit would resolve the issues raised by the declaratory judgment action…because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated.'"  *Tina v. Countrywide Home Loans, Inc.*, 2008 Dist. LEXIS 88302, at *5 (S.D. Cal. Oct. 30, 2008).

In this case, the claim fails because there is no actual controversy involving the parties' rights.  As discussed above, there are no factual allegations giving rise to an ongoing and present controversy.  Plaintiffs are at best making a claim for past wrongs.  Therefore, there is no need for the Court to exercise jurisdiction on a declaratory relief claim.  Equally important, the alleged controversy is not actionable as it is already at issue in the other claims of the Complaint.  As Plaintiffs already dispute the alleged HBOR violations in the other claims for relief, the declaratory relief request is superfluous and should be dismissed.

**10.  THE INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED WITH PREJUDICE.**

Plaintiffs seek injunctive relief based on the alleged HBOR violations.  (Compl. ¶¶ 68-69.)  This claim fails because injunctive relief is a remedy, not a claim, and a claim must exist before injunctive relief may be granted.  *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942); *Santos v. Countrywide Home Loans,* 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief").  Moreover, to state a claim on which the remedy of injunctive relief may be granted, a complaint must allege a viable claim in tort.  5 Witkin, California Procedure, Pleading,

§§ 823, 825 (5th ed. 2008).  A complaint that fails to do so cannot support either an injunction or an award of damages.  *Brown v. Rea*, 150 Cal. 171, 175 (1907).  For this reason alone, the claim fails.

## 11.  <u>CONCLUSION.</u>

Plaintiffs fail to state allegations that would permit this court to grant relief on any cognizable basis.  All eight claims are legally defective and cannot be cured by amendment.  The Court should grant the motion in full and dismiss this action with prejudice.

Respectfully submitted,

Dated:  December 6 , 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:   */s/ David M. Newman*
David M. Newman
dnewman@afrct.com
Attorneys for WELLS FARGO

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| **Served By Means Other than Electronically Via the Court's CM/ECF System** | **Served Electronically Via the Court's CM/ECF System** |
|---|---|
| *Attorneys for Plaintiffs:* | *Attorneys for* |
| | *RTS Pacific Inc.:* |
| Marc Applbaum | |
| KETTNER LAW CORPORATION | Melissa N. Armstrong |
| 2150 West Washington Street, #104 | BUTLER & HOSCH, P.A. |
| San Diego, California 92110 | 525 E. Main Street |
| Tel: (619) 756-7300 | El Cajon, California 92020 |
| Fax: (888) 809-4658 | Tel. (619) 569-1114 |
| marc@kettnerlawcorp.com | Fax (407) 381-5577 |
| | Melissa.armstrong@butlerandhosch.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **January 6, 2015.**

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP