Marc Applbaum SBN: 222511
Kettner Law Corp.
2150 W. Washington St., Suite 104
San Diego, CA 92110
Tel.: (619) 756-7378
Fax: (619) 363-3944
marc@kettnerlawcorp.com

Attorney for Plaintiffs, RONALD W. JACKSON and DONNA L. JACKSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. JACKSON and DONNA L. JACKSON,<br>        Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.; REGIONAL SERVICE CORP.; RTS APCIFIC, INC.; and DOES 1 through 50 inclusive,<br>        Defendants | Case No. 2:14-CV-02997-WBS-CMK<br><br>Assigned to Hon. William B. Shubb<br><br>**REQUEST FOR DISMISSAL**<br><br>**ORDER** |

Come now plaintiffs, RONALD W. JACKSON and DONNA L. JACKSON, by and through their attorney of record, Marc Applbaum, and respectfully request the court to dismiss the above referenced case without prejudice as to all parties and all causes of action.

DATED: February 23, 2014           KETTNER LAW CORPORATION


                                   BY:    __/s/Marc Applbaum_____
                                          MARC APPLBAUM
                                          Attorney for Plaintiffs,

1

RONALD W. JACKSON and DONNA L. JACKSON

## ORDER

Plaintiffs have filed a request to dismiss this action. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained the ramifications of a Plaintiffs' request to dismiss pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997)

No answers to Plaintiffs' complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Because Plaintiffs have exercised their right to voluntarily dismiss this complaint under Rule 41(a)(1), this case has terminated as explained.

Therefore, IT IS HEREBY ORDERED that the Clerk of the Court is ordered to close this case in light of Plaintiff's Rule 41(a)(1) Voluntary Dismissal.

IT IS SO ORDERED.

Dated: March 5, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2

CASE NO. 2:14-CV-02997-WBS-CMK
REQUEST FOR DISMISSAL